IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
NORTHERN DIVISION

**JOSHUA KEITH DAVIS**                                                                        **PLAINTIFF**

**VERSUS**                                             **CIVIL ACTION NO. 3:17cv18-TSL-RHW**

**MICHAEL GORDON**                                                          **DEFENDANT**

## REPORT AND RECOMMENDATION

This case is before the Court following the failure of Plaintiff Joshua Keith Davis to appear for a duly noticed omnibus hearing in his prisoner civil rights action filed January 9, 2017 pursuant to 42 U.S.C. § 1983. Davis has been free-world since June 16, 2017. [22]

Davis filed this lawsuit while he was confined at Central Mississippi Correctional Facililty (CMCF),[1] where the incident of which he complains occurred. In his complaint, he asserts Officer Gordon assaulted him three times between 4:00-5:00 p.m. on November 22, 2016, resulting in three of Davis's teeth being "severly (*sic*) busted," and injury to his neck for which he received an x-ray almost a month later. He alleges the dentist told him there was nothing they could do about his teeth, that they only pull teeth. In January 2017, Davis was transferred to South Mississippi Correctional Institution (SMCI) according to [5] the change of address he filed January 23, 2017. Gordon answered the lawsuit on May 15, 2017. [20] Davis notified the Court on June 19, 2017 of his change of address to the free-world address which remains on the docket to this date. [22] That is the last communication Davis had with the Court.

---

[1] The Mississippi Department of Corrections (MDOC) web site indicated Davis entered the MDOC system November 15, 2016, and was serving two sentences totaling four years for Jackson County convictions of accessory after the fact and possession with intent. His tentative release date was 3/30/2020.

On June 20, 2017, the Court entered [23] an order setting the case for an omnibus hearing on September 28, 2017 in the Jackson Federal Courthouse. The clerk mailed copies of the order and notice of hearing to Davis at the address he provided June 19, 2017, via certified mail. On July 14, 2017, the mail was returned unclaimed. [24] The Court thereafter reset the omnibus hearing to September 27, 2017 by order [25] entered July 17, 2017. The clerk mailed copies of the resetting order and notice of hearing to Davis at the address he provided, via certified mail. On August 24, 2017, this mail was also returned unclaimed. [26]

Plaintiff has been repeatedly warned that his failure to advise the Court of a change of address or to comply with court orders might result in dismissal of his lawsuit.[2] However, on September 27, 2017, when the Court convened at 9:50 a.m. for the scheduled 9:30 a.m. hearing, Davis failed to appear. Tommy Goodwin, Counsel for Defendant was in attendance pursuant to the notice of hearing. Courtroom Deputy Clerk Twana Summers went into the hall and called Davis's name three times with no response. Ms. Summers also called the court security front desk who advised that the only person entering the courthouse this morning was Mr. Goodwin. The Court inquired of Mr. Goodwin whether he had received any communication from Davis, to which Mr. Goodwin responded in the negative.

This court has the authority to dismiss an action *sua sponte* for failure to prosecute and failure to comply with court orders under Rule 41(b) of the Federal Rules of Civil Procedure and under its inherent authority. *See Link v. Wabash R.R.* 370 U.S. 626 (1962); *Larson v. Scott*, 157 F.3d 1030 (5th Cir.1998); *McCullough v. Lynaugh*, 835 F.2d 1126 (5th Cir. 1988). *See also, Rice v. Doe*, 306 F. App'x 144, 146 (5th Cir. 2009) (affirming dismissal based on inmate's failure to comply with a court order).

---

[2]See, Orders [3] and [4] entered January 7, 2017; Orders [8] and [9] entered January 31, 2017; and Order [16] entered March 22, 2107.

## **RECOMMENDATION**

Based on the foregoing, the undersigned United States Magistrate Judge recommends that Plaintiff's case be dismissed for his failure to prosecute and to comply with the Court's orders.

## **NOTICE OF RIGHT TO APPEAL/OBJECT**

After being served a copy of a Report and Recommendation (R&R), a party has 14 days to serve on the other parties, submit to the assigned District Judge, and file with the clerk of court his written objections to the R&R. The objecting party must specifically identify the findings, conclusions, and recommendations to which he objects. The District Court need not consider frivolous, conclusive, or general objections. Opposing parties have seven days after being served with objections, to serve and file a response or to notify the District Judge they do not intend to respond to the objections. Except on grounds of plain error, a party cannot attack on appeal any proposed factual finding or legal conclusion accepted by the District Court to which he did not timely file objections. *Douglass v. United Services Auto. Ass'n*, 79 F.3d 1415, 1428-29 (5th Cir. 1996).

Signed, this the 27th day of September, 2017.

/s/ *Robert H. Walker*
ROBERT H. WALKER
UNITED STATES MAGISTRATE JUDGE